UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTINE D. LOLLATHIN,**

    **Plaintiff,**

                                                                           **Civil Action 2:15-cv-961**

    **v.**                                                      **Judge George C. Smith**
                                                      **Magistrate Judge Elizabeth P. Deavers**

**THE VILLAGE OF TILTONSVILLE,** *et al.***,**

    **Defendants.**

**<u>REPORT AND RECOMMENDATION</u>**

    This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's April 6, 2016 Show Cause Order. (ECF No. 15.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's action be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

    On March 3, 2016, this Court granted Plaintiff's counsel's Motion to Withdraw as Attorney. (ECF Nos. 13, 14.) The Undersigned directed Plaintiff to either retain new counsel, advise the Court the she will proceed *pro se*, or filed for voluntary dismissal on or before March 24, 2016 and informed Plaintiff that her failure to do so would result in the dismissal of this action. (ECF No. 14.) Plaintiff failed to comply with the Court's Order. Thereafter, the Court ordered her to show cause on or before April 20, 2016 why this case should not be dismissed with prejudice for want of prosecution. (ECF No. 15.) To date, Plaintiff has not responded in any way to the April 6, 2016 Show Cause Order.

## II.

Under the circumstances presented by the instant case, the Undersigned recommends dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of her failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b). . .operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

2

**III.**

The record in this case advises dismissal of the action with prejudice. Plaintiff has been given repeated warnings that failure to comply with the Court's orders would result in a dismissal with prejudice. Despite these warnings, Plaintiff has not retained new counsel, advised the Court the she will proceed *pro se*, or filed for voluntary dismissal. Furthermore, Plaintiff has not communicated with the Court in any manner in almost two months. Because Plaintiff failed to timely respond to two order of this Court, it is **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** under Rule 41(b).

### IV. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. ' 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: April 26, 2016

/s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge

4